IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Ariel J. Johnson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Cavalry SPV I, LLC; Equifax ) | |
| Information Services, LLC; Experian ) | JURY TRIAL REQUESTED |
| Information Solutions, Inc.; & ) | |
| TransUnion, LLC ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendants the following:

INTRODUCTION

1. The Plaintiff seeks damages under the Fair Debt Collection Practices Act and Fair Credit Reporting Acts for Defendants' reporting and seeking collection of a debt the Plaintiff did not owe.

PARTIES

2. Plaintiff is a resident citizen of Baldwin County, Alabama and has been so for over two years.

3. Plaintiff is a "consumer" as defined by both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

4. Defendant Cavalry SPV I, LLC ("Cavalry") is a New York corporation whose principal place of business is 500 Summit Lake Dr. Ste 400, Valhalla, NY 10595-1340.

5. The principal purpose of Cavalry is the collection of debts using the mails and telephone, and Cavalry regularly attempts to collect debts alleged to be due another.

6. Cavalry is a "debt collector" according to 15 U.S.C. §1692a(6).

7. Cavalry is both a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a.

8. Defendant Equifax Information Services, LLC ("Equifax") is a foreign corporation engaged in the business of compiling and selling credit reports relating to consumers, and whose principal place of business is 1550 Peachtree St NW, Atlanta, GA 30309.

9. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f), as it regularly assembles and evaluates credit information on consumers in the United States for the purpose of creating and selling consumer reports.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation engaged in the business of compiling and selling credit reports relating to consumers, and whose principal place of business is 505 City Parkway West, Orange, CA 92668.

11. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f), as it regularly assembles and evaluates credit information on consumers in the

United States for the purpose of creating and selling consumer reports.

12. Defendant TransUnion, LLC ("TransUnion") is a foreign corporation engaged in the business of compiling and selling credit reports relating to consumers, and whose principal place of business is 555 W. Adams St, Chicago, IL 60661.

13. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f), as it regularly assembles and evaluates credit information on consumers in the United States for the purpose of creating and selling consumer reports.

## JURISDICTION AND VENUE

14. This court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter and 15 U.S.C. §1681p to hear Plaintiff's FCRA claims.

15. This court has supplemental jurisdiction to hear Plaintiff's state law claims as they arise from the same series of transactions and events as the federal question claims.

16. This court has personal jurisdiction over the Defendants because the Defendants have either engaged in direct debt collection communications with Alabama residents dwelling within this state, or issued consumer reports on Alabama residents to businesses inside and outside of Alabama.

17. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

18. At all times relevant to this proceeding, Defendant Cavalry was acting in an attempt to collect from the Plaintiff a debt it claimed had been owed to Synchrony Bank.

19. The Plaintiff, however, did not owe Cavalry any money for any such account.

20. On or about January 25, 2020, Cavalry filed a lawsuit, Case 05-SM-2019-902049.00, in the Small Claims Court of Baldwin County, alleging that the Plaintiff owed Cavalry a debt of $ 2,103.12 and demanding judgment for that amount, plus court costs.

21. A copy of the state court complaint that Cavalry filed against the Plaintiff is attached as Exhibit A.

22. The Plaintiff never applied for or used the alleged credit card, and suspects that this account was opened through an act of identity theft.

23. In February of 2020, the Plaintiff discovered that the Defendants were publishing credit reports stating that she owed Cavalry $2,103.

24. This was false: the Plaintiff never owed Cavalry $2,103.

25. On February 14, 2020, the Plaintiff responded to Cavalry's state court complaint denying the allegations.

26. On February 14, 2020, the Plaintiff also sent the three nationwide credit reporting agencies letters disputing the alleged account.

27. True and correct copies of the letters are attached as Exhibit B.

28. The Plaintiff did not owe the alleged account, and the Defendants' reporting of this false information was harming her and impeding her ability to purchase a home for herself and her child.

29. The Defendants ignored the Plaintiff's disputes and continued to report the alleged account for months afterward.

30. On July 17, 2020, the trial of Cavalry's state court collection case was held in Fairhope, Alabama, and a judgment was entered in Ms. Johnson's favor.

31. To this date, the Defendants continue to report that she owes Cavalry $2,103.

32. The Defendants' actions (and failures to act with respect to her disputes) have caused the Plaintiff damages in the following ways:

    a) She had to hire a lawyer to defend herself from the baseless state court lawsuit;

    b) This entire ordeal has been mentally and physically taxing, and has caused her natural anger, frustration, stress, humiliation, fear for her family's financial well-being, and unjustified and abusive invasion of her personal privacy;

    c) Damage to her credit and reputation;

    d) Time taken from work and family to deal with this matter, including the trial in state court.

## COUNT ONE: 15 U.S.C. §1692e

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 above.

34. 15 U.S.C. §1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. 15 U.S.C. §1692e(2)(A) specifically prohibits the false representation of "the character, amount, or legal status of any debt."

36. Defendant violated 1692e(2)(A) by falsely representing to the Plaintiff and to the Baldwin County District Court that the Plaintiff had entered into a contract with Synchrony and owed $2,103.12 to Cavalry.

37. 15 U.S.C. §1692e(8) prohibits the communication "to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

38. Cavalry violated 1692e(8) by falsely representing to at least one consumer reporting agency that the Plaintiff owed $2,103 to Cavalry for an unpaid debt to Synchrony Bank.

39. Cavalry's violations of 1692e have caused the Plaintiff damages as stated above.

40. As a result of its violations of 15 U.S.C. §1692e, Cavalry is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

## COUNT TWO: 15 USC. §1692d

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 above.

42. As a result of the meritless lawsuit filed by Cavalry, the Plaintiff was harassed, oppressed, and abused.

43. The filing of a bogus lawsuit against the Plaintiff and seeking money she did not owe was an aggressive collection tactic whose natural consequence was to harass, oppress, or abuse the Plaintiff.

44. 15 U.S.C. §1692d prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

45. Cavalry violated 15 U.S.C. §1692d by filing and pursuing its meritless state court

lawsuit against the Plaintiff.

46. Cavalry's violations of 15 U.S.C. §1692d have caused the Plaintiff damages as described above.

47. As a result of its violations of 15 U.S.C. §1692d, Cavalry is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

### COUNT THREE: 15 U.S.C. §1692f

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 above.

49. 15 U.S.C. §1692f prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect a debt."

50. Suing a consumer for a debt that is not owed is an "unfair and unconscionable practice offensive to §1692f," even if where the consumer once owed the debt.

51. In this case, Mrs. Johnson never owed the alleged debt.

52. As described above, Plaintiff has suffered damage as a result of Cavalry's unfair and unconscionable lawsuit.

53. As a result of its violations of 15 U.S.C. §1692f, Cavalry is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

### COUNT FOUR: MALICIOUS PROSECUTION

54. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 above.

55. Cavalry filed the collection lawsuit against the Plaintiff without undertaking any reasonable investigation into the validity of its allegations against the Plaintiff.

56. Cavalry filed the collection lawsuit against the Plaintiff fully aware that she denied owing the debt.

57. After learning that the Plaintiff denied ever opening the alleged account, Cavalry persisted with its lawsuit.

58. Had Cavalry undertaken a reasonable investigation into the relevant facts, it would have known that it lacked probable cause to sue the Plaintiff.

59. Cavalry had no probable cause to seek interest from the Plaintiff.

60. Cavalry filed the collection lawsuit maliciously, and with the intent not to obtain a judgment at trial, but rather to use the gravity and embarrassment of a court proceeding to coerce Plaintiff into paying money on a debt she did not owe.

61. Alternatively, Plaintiff avers that Cavalry filed the collection lawsuit with reckless disregard for whether or not they were suing the right person.

62. As a direct result of Cavalry's conduct in filing the collection lawsuit, the Plaintiff has suffered damage as described above.

63. The harm that Plaintiff suffered as a result was entirely foreseeable, and was exactly the sort of harm that one would foresee to be the result of filing a baseless lawsuit.

64. For its malicious prosecution of the Plaintiff, Cavalry is liable to the Plaintiff for actual damages and punitive damages.

## COUNT FIVE: 15 U.S.C. §1681s-2(b)

65. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 above.

66. The Plaintiff sent three letters to nationwide consumer reporting agencies

disputing that she owed $2,103 to Cavalry.

67. Upon information and belief, Cavalry received notice of at least one of Plaintiff's credit report disputes from at least one consumer reporting agency.

68. Upon information and belief, the consumer reporting agencies forwarded to Cavalry all of the information needed to undertake a reasonable investigation into the Plaintiff's dispute.

69. Cavalry failed to conduct a *bona fide* investigation into the Plaintiff's dispute.

70. Cavalry failed to review all relevant information relating to the Plaintiff's dispute.

71. Cavalry failed to notify each consumer reporting agency that its reporting of the Account was inaccurate.

72. Cavalry failed to modify, delete, or permanently block the reporting of the alleged account against the Plaintiff, even after it became clear that such information as it had reported against her could not be verified.

73. Cavalry continued to furnish inaccurate information regarding the Plaintiff to consumer reporting agencies, even after learning that she disputed such information.

74. Had Cavalry conducted a reasonable investigation into Plaintiff's disputes, they would have notified the consumer reporting agencies that the account was not owed by the Plaintiff.

75. The inaccurate information furnished by Cavalry to the consumer reporting agencies proximately caused damage to the Plaintiff in the following ways:

   a) It harmed her ability to obtain credit;

   b) It increased the cost of what credit the Plaintiff could obtain;

    c) It damaged her reputation and emotional well being;

    d) The Plaintiff spent time and money seeking to correct Defendants' errors.

76. Cavalry's failures to adequately investigate Plaintiff's disputes and correct its reporting was done willfully or with reckless disregard for the Plaintiff's rights.

77. Alternatively, its failures were negligent.

78. The Fair Credit Reporting Act requires that furnishers of consumer credit information undertake reasonable and prompt investigations into consumer disputes. 15 U.S.C. §1681s-2(b).

79. Cavalry violated the Fair Credit Reporting Act by failing to perform the reinvestigation duties required of them by 15 U.S.C. §1681s-2(b).

80. For its violations of 15 U.S.C. §1681s-2(b), Cavalry is liable to the Plaintiff for all damages sustained as a result, punitive damages, statutory damages of up to $1,000, plus costs and attorney's fees. *15 U.S.C. §1681o & §1681n.*

## COUNT SIX: 15 U.S.C. §1681i

81. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31, and pleads the following against Equifax, Experian, and TransUnion.

82. Defendants each published at least one consumer credit report containing false information regarding the Plaintiff after learning of the Plaintiff's dispute.

83. Specifically, Defendants each published at least one consumer report which indicated that the Plaintiff owed Cavalry $2,103 and was $2,103 past due on a debt to Cavalry.

84. Even after being notified of the Plaintiff's disputes, Defendants each published at least one consumer report containing the inaccurate Cavalry account.

85. Plaintiff disputed the alleged Cavalry account with each of the Defendants.

86. Defendants each received the Plaintiff's disputes.

87. Defendants all failed to correct the Plaintiff's credit reports.

88. Instead, Defendants have continued to report that Plaintiff had a negative account with Cavalry.

89. Defendants have failed to conduct a reasonable investigation into the Plaintiff's disputes.

90. Defendants failed to forward notice of the dispute and all relevant information regarding the Plaintiff's dispute to the furnishers of such information.

91. Defendants failed to delete or modify the inaccurate information which were included in its reports regarding the Plaintiff, even after being unable to verify the information as Cavalry alleged.

92. Defendants continue to publish this inaccurate information regarding the Plaintiff.

93. To this day, Defendants have refused to remove the Cavalry account from the Plaintiff's credit report.

94. Despite having been repeatedly notified that the Cavalry account was inaccurate, Defendant consumer reporting agencies have abdicated their obligations under state and federal law and chosen to merely "parrot" whatever its customer, Cavalry, told it to say.

95. Defendants have policies favoring its paying customers (large financial institutions like Cavalry), instead of what consumers say about debts.

96. The primary reason for this policy is that furnishers of information like Cavalry pay millions of dollars annually to Defendant consumer reporting agencies.

97. Defendants each violated 15 U.S.C. §1681i by:

    a) Failing to delete inaccurate information in the Plaintiff's credit file, despite having actual notice of such inaccuracies;

    b) Failing to conduct an adequate reinvestigation;

    c) Failing to forward all relevant information to Cavalry;

    d) Failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file;

    e) Failing to delete or modify the Cavalry account after it became apparent that Defendants could not verify the information;

    f) Failing to delete or modify the account after it was notified that the account was inaccurate;

    g) Relying upon "verification" of disputed information from a source which Defendants knew or should have known to be unreliable.

98. As a result of Defendants' violations of 15 U.S.C. §1681i, the Plaintiff suffered damages as described above, and continues to suffer damages due to the false reporting of this inaccurate tradeline.

99. Defendants' actions (and inaction) in handling the Plaintiff's disputes were willful, rendering them liable to the Plaintiff for statutory damages of up to $1,000, punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, as well as costs and attorneys' fees.

100. Alternatively, Defendants' actions were negligent, rendering them liable to the Plaintiff for actual damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681o.

WHEREFORE, PREMISES CONSIDERED, Your Plaintiff respectfully prays this Honorable Court grant the Plaintiff a Judgment against the Defendants for the following:

A) Actual damages against Cavalry for its violations of the Fair Debt Collection Practices Act;

B) Statutory damages of One Thousand Dollars ($1,000) against Cavalry for its violations of the Fair Debt Collection Practices Act;

C) Actual damages and punitive damages against Cavalry for its malicious prosecution of the Plaintiff;

D) Actual damages and punitive damages against all Defendants for their violations of the Fair Credit Reporting Act;

E) Statutory damages of One Thousand Dollars against all Defendants for their violations of the Fair Credit Reporting Act;

F) Costs and reasonable attorneys' fees;

G) For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this Wednesday, August 12, 2020.

/s/ Judson E. Crump
Judson E. Crump [CRU021]

Judson E. Crump, P.C.
250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com

Exhibit A

Case 1:20-cv-00400-WS-M  Document 1  Filed 08/12/20  Page 14 of 17  PageID #: 14

DOCUMENT 2
ELECTRONICALLY FILED
1/25/2020 1:23 PM
05-SM-2019-902049.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

State of Alabama
Unified Judicial System

Form C-88 (front)    Rev. 6/96

# STATEMENT OF CLAIM
## (Complaint)

Case Number

### IN THE SMALL CLAIMS COURT OF BALDWIN COUNTY, ALABAMA

Cavalry SPV I, LLC, as assignee of Synchrony Bank    v.    ARIEL JOHNSON
Plaintiff                                                    Defendant(s)

**Plaintiff Address:**
500 Summit Lake Dr Suite 400
Valhalla, NY 10595

**Home or Business Address:**
9687 COUNTY ROAD 24
FAIRHOPE AL 36532

Business Telephone Number: 205-250-8437

Home or Business Telephone Number: _____

Name of Attorney: Zarzaur & Schwartz, P.C.

Additional Defendant Address:

**Attorney Address:**
P.O. Box 11366
Birmingham, AL 35202

Date of Filing _____

Home or Business Telephone Number: _____

### COMPLAINT

1. The Plaintiff claims the Defendant owes the Plaintiff the sum of $2,103.12 because of: CONTRACT OR MONEY HAD AND RECEIVED OR ACCOUNT STATED.
2. The Plaintiff also claims from the Defendant court costs as ordered by the court.

/s/R. Mac Dunlap (DUN067)

_____ By:_____
Clerk

Clerk's Address:
312 Courthouse Square, Suite 10

Bay Minette, AL 36507

Telephone Number: 334-937-0370

Attorney Code:

Plaintiff's or Plaintiff's Attorney's Phone Number:
205-250-8437

### SUMMONS
To any Sheriff or any person authorized by either Rules 4, 1(b)(2) of the Alabama Rules of Civil Procedure to perfect service: You are hereby commanded to serve this summons and complaint upon the above-named defendant.

### NOTICE TO DEFENDANT
THE COMPLAINT SET OUT ABOVE IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFF (OR THE ATTORNEY FOR THE PLAINTIFF), AT THE ADDRESS NOTED ABOVE.
THIS ANSWER MUST BE MAILED OR HAND DELIVERED TO THE CLERK OF COURT AT THE ADDRESS BELOW WITHIN FOURTEEN (14) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. (YOU MUST FILE THE ORIGINAL ANSWER WITH CLERK OF THIS COURT).

Dated _____

_____
Clerk of Court

312 Courthouse Square, Suite 10, Bay Minette AL 36507
Address of Clerk of Court

COURT RECORD (Original)    PLAINTIFF (Copy)    DEFENDANT (Copy)

File: 19-16215

**This communication is from a debt collector and is an attempt to collect a debt, any information obtained will be used for that purpose.**

**Exhibit B**

TransUnion Consumer Solutions
P.O. Box 2000,
Chester, PA 19022-2000


Re:   Cavalry SPV I, LLC
Acct: "Synchrony Bank" Account

From:  Ariel Johnson          SSN: 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          DOB: 09/18/1991
       600 Cheshire Lane, Apt 9
       Daphne, AL 36526

**This letter is a dispute pursuant to 15 U.S.C. §1681i.**  It has come to my attention that you have reported the above account allegedly owed by me to Cavalry SPV I, LLC for a $2,103 debt I allegedly owed to Synchrony Bank.  This is not true.  **I don't owe either of these companies anything.**

The debt in question was opened by my ex-husband without my consent.  I did not take out any credit with Cavalry or Synchrony and never used any card associated with this account.  Nor did I make purchases on or agree to pay this account.

I therefore **demand that you correct your records to show that I do not (and never have) owed Cavalry SPV I, LLC anything at all**.  Your reporting of this false information is damaging to my reputation and ability to maintain my finances.  Please send me a copy of my updated report once you have fixed this error.

Thank you.

Sincerely,


Ariel Johnson
600 Cheshire Lane, Apt 9
Daphne, AL 36526

*Ariel Johnson*
2/14/20

Equifax Information Services, LLC
PO Box 740256
Atlanta, GA 30374


Re:   Cavalry SPV I, LLC
Acct: "Synchrony Bank" Account

From: Ariel Johnson        SSN: 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        DOB: 09/18/1991
      600 Cheshire Lane, Apt 9
      Daphne, AL 36526

**This letter is a dispute pursuant to 15 U.S.C. §1681i.** It has come to my attention that you have reported the above account allegedly owed by me to Cavalry SPV I, LLC for a $2,103 debt I allegedly owed to Synchrony Bank. This is not true. **I don't owe either of these companies anything.**

The debt in question was opened by my ex-husband without my consent. I did not take out any credit with Cavalry or Synchrony and never used any card associated with this account. Nor did I make purchases on or agree to pay this account.

I therefore **demand that you correct your records to show that I do not (and never have) owed Cavalry SPV I, LLC anything at all**. Your reporting of this false information is damaging to my reputation and ability to maintain my finances. Please send me a copy of my updated report once you have fixed this error.

Thank you.

Sincerely,


Ariel Johnson
600 Cheshire Lane, Apt 9
Daphne, AL 36526

*Ariel Johnson*
2/14/20

Experian
PO Box 4500
Allen, TX 75013

Re:   Cavalry SPV I, LLC
Acct:  "Synchrony Bank" Account

From:  Ariel Johnson    SSN: 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    DOB: 09/18/1991
600 Cheshire Lane, Apt 9
Daphne, AL 36526

**This letter is a dispute pursuant to 15 U.S.C. §1681i.** It has come to my attention that you have reported the above account allegedly owed by me to Cavalry SPV I, LLC for a $2,103 debt I allegedly owed to Synchrony Bank. This is not true. **I don't owe either of these companies anything.**

The debt in question was opened by my ex-husband without my consent. I did not take out any credit with Cavalry or Synchrony and never used any card associated with this account. Nor did I make purchases on or agree to pay this account.

I therefore **demand that you correct your records to show that I do not (and never have) owed Cavalry SPV I, LLC anything at all**. Your reporting of this false information is damaging to my reputation and ability to maintain my finances. Please send me a copy of my updated report once you have fixed this error.

Thank you.

Sincerely,

Ariel Johnson
600 Cheshire Lane, Apt 9
Daphne, AL 36526

*Ariel Johnson*
2/14/20